660 July 3, 2024 No. 477

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SHAWN M. NEWCOMB,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A179503

Submitted May 14, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Shawn Newcomb filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner petitions for judicial review of a final order of the Board of Parole and Post-Prison Supervision declining to modify his parole status. We affirm.

Petitioner was released on parole in 2003 but his parole was revoked later that year for violating the conditions of his parole. In 2004, the board denied re-release, resulting in a true life sentence. In 2021, petitioner requested to reopen his case and reconsider that decision, a request that the board deemed to be a request for a discretionary personal interview to review petitioner's progress. After holding the hearing, the board denied petitioner's request to change the denial of rerelease.

In his first assignment of error, petitioner contends that ORS 144.395[1] required the board to adopt rules relating the re-release of offenders, like petitioner, whose parole had previously been revoked. However, before the board, petitioner primarily argued that the board's failure to identify the standards governing the personal interview violated his right to due process. He did not cite ORS 144.395, nor did he argue that the board was required to engage in rulemaking. Because he did not provide the board an opportunity to address the argument he makes on appeal, he neither preserved it for review nor exhausted his administrative remedies. ORAP 5.45(1); *Tuckenberry v. Board of Parole*, 365 Or 640, 646, 451 P3d 227 (2019). Accordingly, we reject the first assignment of error.

Petitioner also raises three *pro se* supplemental assignments of error. His first and third supplemental assignments of error relate to previous board decisions that precede the 2021 personal interview. Specifically, petitioner challenges the board's decision to revoke his parole in 2003 and the decision not to release him to parole in 1994. Those assignments challenge decisions that are outside the scope of the board decision under review, and we therefore reject them. Petitioner's second supplemental assignment of error challenges multiple aspects of the discretionary interview

---

[1] ORS 144.395 provides that the "board shall adopt rules consistent with the criteria listed in ORS 144.780 to the rerelease of persons whose parole has been revoked."

proceeding, but those challenges do not appear to have been raised to the board and are thus unpreserved and unexhausted. To the extent that petitioner raised any of the challenges in his second assignment of error before the board, we can discern no error with the board's decision.

Affirmed.